UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS DAVID FLEMING,

                Petitioner,         CASE NO. 2:17-cv-11509

v.

                                        HONORABLE NANCY G. EDMUNDS

CONNIE HORTON,

                Respondent.

_____/

**MEMORANDUM OPINION AND ORDER
DENYING THE HABEAS CORPUS PETITION AND
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Thomas David Fleming filed a petition for the writ of habeas corpus under 28 U.S.C. § 2254. He challenges his state convictions for three counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b (sexual penetration of the complainant), and three counts of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c (sexual contact with the complainant). Petitioner's two grounds for relief are: (1) he was deprived of due process of law and an impartial jury by the prosecutor's egregious misconduct during closing arguments; and (2) trial counsel was ineffective for failing to object to the prosecutor's remarks. The State urges the Court to deny the petition on procedural grounds or for lack of merit in Petitioner's grounds for relief. The Court has determined that Petitioner's first claim is procedurally defaulted and that the state appellate court's rejection of

Petitioner's second claim was objectively reasonable. Accordingly, the Court will deny the habeas petition.

## I. Background

As correctly explained by the state court, the charges against Petitioner

> stemm[ed] from allegations of ongoing sexual abuse against his 21–year–old stepdaughter from the time she was ten years old until 2012, when she would have been 18 or 19 years old. The victim testified that defendant had touched her genitals and her breasts hundreds of times and that he had forced her to perform oral sex on him. After defendant and the victim's mother were divorced in 2012, the victim disclosed the abuse to her fiancé, then to her mother, and finally to the police in 2013.

*People v. Fleming*, No. 325118, 2016 WL 1038428, at *1 (Mich. Ct. App. Mar. 15, 2016).

Petitioner did not testify at trial, and his only witness was his niece, who testified that the complainant was nonchalant and unemotional when the complainant called her and mentioned the sexual abuse. Petitioner's defense was that the allegations against him were false and motivated by (1) his ex-wife's desire to discredit him if he testified against her in a worker's compensation lawsuit, and (2) his ex-wife's anger toward him because he acquired a camper that she wanted as part of their divorce agreement. Defense counsel pointed out that the complainant did not disclose the abuse until six months after Petitioner moved out of the family's home. Counsel also argued that Petitioner's interactions with the complainant were not sexual in nature and that he was not guilty of criminal conduct simply because

2

his morals might differ from the jurors' morals. On October 15, 2014, the jury found Petitioner guilty, as charged, of three counts of first-degree criminal sexual conduct, and three counts of second-degree criminal sexual conduct.

Petitioner maintained his innocence at his sentence hearing on December 4, 2014. The trial court then sentenced Petitioner to concurrent terms of ten to thirty years in prison for each count of first-degree criminal sexual conduct and seven to fifteen years in prison for each count of second-degree criminal sexual conduct. *See* 12/4/14 Sentencing Tr. at 16, ECF No. 5-15, PageID. 547; Judgment of Sentence, ECF No. 5-16, PageID. 560.

Petitioner raised his habeas claims and several other claims in an appeal of right. On March 15, 2016, the Michigan Court of Appeals affirmed his convictions in an unpublished, *per curiam* opinion. *See Fleming*, 2016 WL 1038428. On September 27, 2016, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the questions presented to it. *See People v. Fleming*, 500 Mich. 868; 885 N.W.2d 290 (2016). Finally, on May 11, 2017, Petitioner filed his habeas corpus petition through counsel.

## II. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires federal habeas petitioners who challenge

> a matter "adjudicated on the merits in State court" to show that the relevant state court "decision" (1) "was contrary to, or involved an

> unreasonable application of, clearly established Federal law," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Deciding whether a state court's decision "involved" an unreasonable application of federal law or "was based on" an unreasonable determination of fact requires the federal habeas court to "train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims," *Hittson v. Chatman,* 576 U.S. ——, ——, 135 S .Ct. 2126, 2126, 192 L.Ed.2d 887 (2015) (GINSBURG, J., concurring in denial of certiorari), and to give appropriate deference to that decision, *Harrington v. Richter,* 562 U.S. 86, 101–102, 131 S. Ct. 770, 178 L.Ed.2d 624 (2011).

*Wilson v. Sellers*, 138 S. Ct. 1188, 1191-92 (2018).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409.

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' *Lindh v. Murphy*, 521 U.S. 320, 333, n.

4

7 (1997), and 'demands that state-court decisions be given the benefit of the doubt,' *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*)." *Renico v. Lett*, 559 U.S. 766, 773 (2010). To obtain a writ of habeas corpus from a federal court, a state prisoner must show that the state court's ruling on his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. A state-court's factual determinations are presumed correct on federal habeas review unless the petitioner rebuts this presumption with clear and convincing evidence, 28 U.S.C. § 2254(e)(2); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), and habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III. Analysis

#### A. The Prosecutor

Petitioner alleges that he was deprived of his constitutional rights to due process and an impartial jury by the prosecutor's comments during his rebuttal argument. The prosecutor stated that there were all kinds of reasons why people delay disclosing sexual abuse. He then noted that during *voir dire* two potential jurors had mentioned their experiences with delayed disclosure of sexual abuse. *See* 10/14/14 Trial Tr. at 85-86, ECF No. 5-13, PageID. 501-502.

5

Petitioner contends that the prosecutor's remarks were an intentional trial tactic which was designed to address shortcomings in the prosecutor's case, such as: the reason why the complainant waited so long to disclose the alleged molestation; the reason why the complainant failed to mention the alleged molestation when Petitioner adopted her and during her parents' subsequent divorce proceedings; and the expert witness's failure to (i) interview anyone involved in the case and (ii) provide any specific examples of delayed disclosure of sexual abuse during his testimony.

The Michigan Court of Appeals reviewed Petitioner's claim for "plain error" and agreed with Petitioner that the prosecutor erred by using statements made during *voir dire* to bolster the expert witness's testimony. The Court of Appeals nevertheless concluded that the error was not outcome determinative or overly prejudicial. *See Fleming*, 2016 WL 1038428, at *1- *2.

Petitioner contends that the state court ignored the impact of the improper bolstering and that the court's finding was based on an unreasonable determination of the facts. The State maintains in its answer to the petition that Petitioner's claim is procedurally defaulted. The Court agrees with the State.

### 1. Procedural Default and the First Three Factors

A procedural default is "a critical failure to comply with state procedural law." *Trest v. Cain*, 522 U.S. 87, 89 (1997). Under the related doctrine, "a federal court

will not review the merits of [a state prisoner's] claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." *Martinez v. Ryan*, 566 U.S. 1, 9 (2012).

> Determining whether a habeas petitioner's claim has been procedurally defaulted is a four-step inquiry:
>
> > First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural ground is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. . . . Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate . . . that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Kelly v. Lazaroff*, 846 F.3d 819, 828 (6th Cir. 2017) (quoting *Stone v. Moore*, 644 F.3d 342, 346 (6th Cir. 2011) (quoting *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)).

The first three factors are easily resolved here. First, there is a relevant state procedural rule. The rule requires defendants in criminal cases to preserve an issue of prosecutorial misconduct by making a timely contemporaneous objection and by requesting a curative jury instruction, *People v. Bennett*, 290 Mich. App. 465, 475; 802 N.W.2d 627, 634-35 (2010). Petitioner violated this rule by raising a

prosecutorial-misconduct claim on appeal without having objected to the prosecutor's remarks at trial. *See* 10/14/14 Trial Tr. at 85-86, ECF No. 5-13, PageID. 501-502.

During the trial, defense counsel expressed his concern in the jury's absence, but his primary objection was that he was not permitted to mention a potential juror's comment about how old she was when she was sexually abused, even though the prosecutor was permitted to comment on the same potential juror's remarks in his rebuttal argument. *See id*. at 104-105, ECF No. 5-13, PageID. 520-521. Further, defense counsel did not request a curative instruction; he waited until after the trial court charged the jury to make a record of his objection, and then he stated that he was not moving for a mistrial. *Id*. at 105, PageID. 521. The failure to make a timely objection and request a curative jury instruction violated the contemporaneous-objection rule.

Second, the Michigan Court of Appeals enforced the contemporaneous-objection rule. The Court of Appeals reviewed Petitioner's claim for "plain error affecting substantial rights" because Petitioner had not preserved his claim by making a contemporaneous objection to the prosecutor's allegedly improper statements. *See Fleming,* 2016 WL 1038428, at *1.

Third, Michigan's contemporaneous-objection rule is an adequate and independent state ground for denying review of a federal constitutional claim,

because it is both well-established and normally enforced. *Taylor v. McKee*, 649 F.3d 446, 450-51 (6th Cir. 2011). The first three procedural-default factors are satisfied.

### 2. Factor Four: Cause and Prejudice

The fourth procedural factor is "cause and prejudice." Petitioner asserts in his second habeas claim and in his reply brief that his trial attorney was ineffective for failing to object to the prosecutor's disputed remarks. *See* Pet. at 3-4, ECF No. 1, PageID. 3-4; Brief in Support of Pet. at 11-13, ECF No. 1-1, PageID. 22-24; Pet'r Reply to Resp't Answer to Pet. for Writ of Habeas Corpus at 2-3, ECF No. 6, PageID. 773-774.

#### a. Clearly Established Law

Constitutionally ineffective assistance of counsel can be cause for a procedural default. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013). But to prevail on a claim about trial counsel, Petitioner must show that his trial "counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficient-performance prong "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Petitioner "must show that

9

counsel's representation fell below an objective standard of reasonableness." *Id*. at 688.

The "prejudice" prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. Petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

The Court looks to Petitioner's underlying claim about the prosecutor to determine whether his trial attorney was constitutionally ineffective for failing to object to the prosecutor's comments. When reviewing a claim about a prosecutor's remarks, "[t]he relevant question is whether the prosecutor['s] comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, (1974)).

### b. The Facts

As noted above, Petitioner contends that the prosecutor's remarks about two potential jurors' experiences with delayed disclosure of sexual abuse deprived him of due process, a fair trial, and an impartial jury. The Michigan Court of Appeals explained the background for Petitioner's claim as follows:

> At trial, the prosecution's expert witness, Thomas Cottrell (a counselor with the Grand Rapids YWCA), testified that delayed disclosure is common in child sex abuse cases and provided testimony concerning some of the psychological reasons why disclosure is often delayed. During closing argument, defense counsel made several comments concerning the failure to report the abuse for many years. During rebuttal, the prosecutor then said the following:
>
>> There's all kinds of reasons that people delay disclosures. We had two people on the initial jury panel that had dealt with delayed disclosures. The only two people that had, had any dealings with a child molestation or a sexual abuse case, both of them had indicated some type of delayed disclosure. The one lady had indicated that she had been abused forty some years ago and she didn't disclose for twenty years. The one gentleman indicated that his sister had been abused by her uncle and he didn't find out about it until just five years ago and it got swept under the rug.

*Fleming*, 2016 WL 1038428, at *1-*2.

### c. Trial Counsel's Failure to Object

Petitioner alleges that, by relying on the dismissed jurors' comments, the prosecutor bolstered Mr. Cottrell's testimony. The potential jurors' remarks were not evidence, and "[i]t is improper for a prosecutor, during closing arguments, to bring to the attention of the jury any 'purported facts that are not in evidence and are prejudicial.' " *Byrd v. Collins*, 209 F.3d 486, 535 (6th Cir. 2000) (quoting *United States v. Wiedyk*, 71 F.3d 602, 610 (6th Cir. 1995)).

But "[b]olstering occurs when the prosecutor implies that the witness's testimony is corroborated by evidence known to the government but not known to the jury," *United States v. Francis*, 170 F.3d 546, 551 (6th Cir. 1999), and the

prosecutor in Petitioner's case was not suggesting that he knew of corroborative evidence which had not been revealed to the jury. In fact, the deliberating jurors were made aware of the potential jurors' remarks in open court during *voir dire*. *See* 10/13/14 Trial Tr. at 23, 30-32, 53-54, ECF No. 5-12, PageID. 193, 200-202, 223-224 (Juror Chipman); *id*. at 79-83, PageID. 249-253 (Juror Dawson).[1] Technically, then, no bolstering occurred.

Although the prosecutor did refer to facts not in evidence, it appears from the record that defense counsel may have concluded as a matter of trial strategy that it was better not to object to the prosecutor's remarks in front of the jury to avoid drawing attention to the disputed remarks. He requested a bench conference after the prosecutor concluded his rebuttal argument, and he placed his objection to the rebuttal argument on the record after the jurors began their deliberations. *See* 10/14/14 Trial Tr. at 88, ECF No. 5-13, PageID. 503 (defense counsel's request for a bench conference), and *id*. at 104-105, PageID. 520-521 (defense counsel's objection on the record).

Defense counsel's failure to object to the prosecutor's remarks in front of the jury was reasonable trial strategy, because an objection would have emphasized the prosecutor's remarks and Mr. Cottrell's testimony that sexual abuse victims often

---

[1] Both Chipman and Dawson were excused during *voir dire*. *See* 10/13/14 Trial Tr. at 57-58, PageID. 227-228 (Chipman), and at 97, PageID. 267 (Dawson).

delay disclosure of the abuse. Defense counsel obviously did not want the jury to consider reasons why a victim would delay disclosure of sexual abuse, because one component of the defense theory was that the complainant's allegations were not credible precisely because she waited so long to disclose the alleged abuse.

Petitioner has not "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Strickland*, 466 U.S. at 690 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "While a strategic decision may be the basis for an ineffective-assistance-of-counsel claim if it is 'so ill-chosen that it permeates the entire trial with obvious unfairness,'" *Shafer v. Wilson*, 364 F. App'x 940, 950 (6th Cir. 2010) (quoting *Hughes v. United States*, 258 F.3d 453, 457 (6th Cir. 2001)).

> any single failure to object [to closing arguments] usually cannot be said to have been error . . . . [D]efense counsel must so consistently fail to use objections, despite numerous and clear reasons for doing so, that counsel's failure cannot reasonably have been said to have been part of a trial strategy or tactical choice.

*Lundgren v. Mitchell,* 440 F.3d 754, 774 (6th Cir. 2006)). The Court concludes that defense counsel's performance did not fall below an objective standard of reasonableness.

The trial court, moreover, instructed the jurors who deliberated Petitioner's case that they could base their verdict only on the admissible evidence. 10/14/14 Trial Tr. at 89-92, ECF No. 5-13, PageID. 505-508. The court explained that

13

evidence consisted of the witnesses' sworn testimony, the exhibits, and anything else that the court told the jurors to consider. *Id*. at 91, PageID. 507. The court also explained that the lawyers' statements and arguments were not evidence. *Id*.; 10/13/14 Trial Tr. at 102-03, ECF No. 5-12, PageID. 272-273. Given these instructions, there is not a reasonable probability that, but for counsel's alleged error, the result of the trial would have been different. Juries are presumed to follow a court's instructions to them, *Richardson v. Marsh*, 481 U.S. 200, 211 (1987); *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001), and an instruction that the attorneys' arguments are not evidence can cure improprieties in closing arguments. *Byrd*, 209 F.3d at 537 (citing *United States v. Carroll*, 26 F.3d 1380, 1389 n. 12 (6th Cir. 1994)).

The prosecutor's disputed remarks did not infect the trial with such unfairness as to make the resulting conviction a denial of due process, and trial counsel's single failure to object to the remarks did not amount to deficit performance. Further, counsel's alleged deficiency did not prejudice the defense. Therefore, defense counsel was not constitutionally ineffective or "cause" for Petitioner's procedural default. The Court need not determine whether the prosecutor's remarks prejudiced Petitioner, because Petitioner has failed to show cause for his failure to comply with the State's contemporaneous-objection rule. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Simpson v. Jones*, 238 F.3d 399, 409 (6th Cir. 2000).

### 3. Miscarriage of Justice

In the absence of "cause and prejudice," a habeas petitioner may pursue a procedurally defaulted claim only if he can demonstrate that failure to consider his claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren*, 440 F.3d at 764 (citing *Carrier*, 477 U.S. at 496.) "To be credible, [a claim of actual innocence] requires [the] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Petitioner has not presented the Court with any new and credible evidence of actual innocence. Therefore, a miscarriage of justice will not occur as a result of the Court's failure to address the substantive merits of Petitioner's prosecutorial-misconduct claim.

### 4. Conclusion on Claim One

Petitioner violated the State's contemporaneous-objection rule, and the last state court to adjudicate his prosecutorial-misconduct claim relied on Petitioner's error to foreclose review of his constitutional argument. The contemporaneous-objection rule is an adequate and independent ground for denying review of a federal

constitutional argument. Petitioner has not shown "cause" for his procedural error. He also has not demonstrated that a miscarriage of justice will occur as a result of the Court's failure to adjudicate the substantive merits of his claim about the prosecutor. Therefore, all four factors of a procedurally defaulted claim are satisfied here, and Petitioner's prosecutorial-misconduct claim fails.

### B. Trial Counsel

Petitioner's second and final claim alleges that he was denied his constitutional right to effective assistance of counsel by trial counsel's failure to (1) object to the prosecutor's improper remarks, and (2) request a jury instruction that the jurors should not consider the statements of potential jurors as an explanation for the complainant's delay in disclosing the alleged sexual abuse. The Michigan Court of Appeals disagreed with Petitioner's argument and concluded that defense counsel's performance was neither constitutionally deficient, nor prejudicial. *See Fleming*, 2016 WL 1038428, at *2-*3.

As previously explained, trial counsel is constitutionally ineffective if "counsel's performance was deficient" and "the deficient performance prejudiced the defense." *Strickland,* 466 U.S. at 687. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Richter*, 562 U.S. at 105 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable.

The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*.

For reasons given in the Court's discussion on Petitioner's first claim, trial counsel's performance was not deficient, and the allegedly deficient performance did not prejudice the defense. Trial counsel satisfied *Strickland's* deferential standard, and the state appellate court's rejection of Petitioner's ineffectiveness claim was objectively reasonable. Petitioner, therefore, has no right to relief on his independent claim about the trial counsel's failure to object to the prosecutor's remarks.

## IV. Conclusion

Petitioner's first claim is procedurally defaulted, and the state appellate court's rejection of Petitioner's second claim was not contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts. The state appellate court's decision also was not so lacking in justification that there was an error beyond any possibility for fairminded disagreement. The Court, therefore, denies the petition for writ of habeas corpus. The Court declines to grant a certificate of appealability because reasonable jurists could not disagree with the Court's resolution of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

                                                <u>s/ Nancy G. Edmunds</u>
                                                NANCY G. EDMUNDS
Dated: April 9, 2020                UNITED STATES DISTRICT JUDGE